## A. MAHLUM v. COUNTY OF CROW WING.[1]

November 23, 1906.

Nos. 14,988—(144).

Appeal by plaintiff from an order of the district court for Crow Wing county, McClenahan, J., sustaining a demurrer to the amended complaint. Affirmed.

*George H. Gardner* and *Leon E. Lum*, for appellant.

*A. D. Polk*, for respondent.

PER CURIAM.

The complaint in this action set forth that the plaintiff, the county auditor, entered into a verbal contract with the board of county commissioners, for the agreed price of $500, "to compile and make a record of, in three large record books, the delinquent taxes which remained unpaid against any and all lands situated in said county; one book thereof to contain the delinquent tax record of all the real property situated within the city of Brainerd; and two of the books to contain a record of all the delinquent taxes on all lands situated in said county of Crow Wing, other than those in the city of Brainerd." There were other allegations, consisting largely of conclusions of law, that the books were necessary under the statutes and rules of the proper state authorities. The final allegation was "that such books are the only books in the county auditor's office from which the amounts due the county and state for delinquent taxes or the delinquent taxes upon any piece of real estate can be ascertained without an examination of the tax records since the organization of the county, which is a practical impossibility in the ordinary course of work in said office." The complaint alleged performance of the contract by the plaintiff, failure to pay more than $100 of the contract; and prayed judgment for $400, with interest.

The trial court sustained the demurrer interposed on behalf of the county. The plaintiff appealed from that order.

[1] Reported in 109 N. W. 1133.

The basis of the decision of the trial court was that the board of county commissioners had no authority, express or implied, to make the contract involved in this record with any person. We are of opinion that the ruling of the court was correct. The complaint, on its face, does not state what the records were, for the preparation of which recovery is here sought. They were compiled from records prepared in accordance with statute. Upon argument it appeared in the statements of counsel that the record was an index of delinquent and unpaid taxes, and also of lands forfeited to the state. It is, however, impossible from the allegations of the complaint which have previously been fully referred to, construed in connection with these somewhat indefinite admissions, to derive any positive or definite conclusion as to the nature or contents of those books. The demurrer was properly sustained. The merits of the case are not reached.

Order affirmed.